**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**PEDRO PABLO MORALES** **PLAINTIFF**
**Reg. #28728-034**

**V.** **NO. 2:26-cv-00160-DPM-ERE**

**MICHELLE WINGO, *et al.*** **DEFENDANTS**

**ORDER**

On October 13, 2026, *pro se* plaintiff Pedro Pablo Morales, a federal inmate formerly housed at Federal Correctional Institution - Forrest City ("FCI-FC"), filed this civil rights lawsuit. *Doc. 1*. Mr. Morales has now paid the statutory filing fee. *Doc. 7*. Mr. Morales' complaint alleges that: (1) Defendants Michelle Wingo, Dr. Nwannem Obi-Okoye, and John Doe FCI-FC Medical Director provided him constitutionally inadequate medical care while he was housed at FCI-FC causing him to lose his vision; and (2) the United States of America is liable for the negligent conduct of its employees. Because Mr. Morales is a federal inmate, he brings this action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

Based on the allegations contained in his complaint, for screening purposes, Mr. Morales has stated: (1) medical deliberate indifference claims against Defendants

Wingo, Obi-Okoye, and the Doe Defendant under *Bivens*;[1] and (2) a FTCA claim against the United States of America.[2] Service for those claims is now proper.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare summonses for Defendants Michelle Wingo, Nwannem Obi-Okoye, and the United States of America.

2. The United States Marshal is directed to serve Defendants Wingo, Obi-Okoye, the United States Attorney for this district, and the United States Attorney General with a summons and a copy of the complaint (with any attachments) (*Doc. 1*), without requiring prepayment of fees and costs or security.

SO ORDERED 18 November 2026.

UNITED STATES MAGISTRATE JUDGE

[1] Mr. Morales is reminded that he must identify serve the Doe Defendant within 90 days of the date he filed this lawsuit, October 13, 2026, or he risks having his claims against the Doe Defendant dismissed. See Fed. R. Civ. P. 4(m).

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).